William F. Hyder, SBN 002194
WILLIAM F. HYDER, P.C.
7301 North 16th Street, Suite 103
Phoenix, Arizona  85020
Phone:     (602) 997-4711
Fax:       (602) 997-4861
*williamhyder@msn.com*

Attorney for Defendant MTC Financial, Inc.
dba Trustee Corps

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| RACHAEL A. EARL,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>WACHOVIA MORTGAGE FSB, f/k/a WORLD SAVINGS BANK; MTC FINANCIAL INC. dba TRUSTEE CORPS; GOLDEN WEST SAVINGS ASSOCIATION, JOHN DOE AND JANE DOE,<br>　　　　　　　Defendants. | NO. CV-09-2198-PHX-MHM<br><br>**DEFENDANT MTC FINANCIAL, INC.'S MOTION TO DISMISS**<br><br>(Assigned to the Honorable<br>　Mary H. Murguia) |

　　　Defendant, MTC Financial, Inc., dba Trustee Corps (Trustee Corps), by and through its undersigned counsel, hereby represents that although it has never been served in this suit, it requests suit be dismissed against it pursuant to *Rule 12(b)(6), Federal Rules of Civil Procedure*.  The Court should grant Trustee Corps' Motion for each of the following reasons:

　　　(1)　The Complaint fails to allege Trustee Corps violated Arizona's trust deed statutes under *Chapter 6.1, Title 33, A.R.S. §33-801, et seq*, or any violation of the provisions of Plaintiff's trust deed;

　　　(2)　The Complaint fails to comply with *Rule 8, Federal Rules of Civil Procedure*.

　　　This Motion is supported by the attached Memorandum of Points and Authorities.

. . .

. . .

. . .

1

**RESPECTFULLY SUBMITTED** this 1st day of December, 2009.

WILLIAM F. HYDER, P.C.


By   /s/ William F. Hyder
   William F. Hyder
   7301 North 16th Street, Suite 103
   Phoenix, Arizona  85020
   Attorney for Defendant MTC Financial, Inc.
   dba Trustee Corps

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.    INTRODUCTION.**

Plaintiff has decided to burden the Court with a meritless lawsuit with the hope of avoiding the legal consequences of having executed a note and deed of trust to purchase or refinance a residential home.  In this case, Plaintiff has filed a 38-page Complaint which violates *Rule 8, Federal Rules of Civil Procedure*, which seeks Declaratory Relief (Count I) and Injunctive Relief (Count II) to prohibit a trust sale of her residential home.

At the core of Plaintiff's Complaint, Plaintiff alleges that when she executed a deed of trust on May 10, 2005, certain unspecified terms were purposely left unknown (Plaintiff's Complaint, paragraph 12), and that contained therein was "a small and somewhat hidden and/or disguised provision, known as a Power of Sale Clause that, plaintiff now finds defendant wanton (sic) to, individually and severally invoke, in order to literally confiscate plaintiff's property without due process."  (Plaintiff's Complaint, paragraph 13).  Although Plaintiff accuses all Defendants of concealing the Power of Sale Clause (Plaintiff's Complaint, paragraph 15), Plaintiff's Complaint admits Trustee Corps' involvement in this case only recently came about on July 2, 2009, when it was nominated as a successor trustee (Plaintiff's Complaint, paragraph 9).

Plaintiff's Complaint goes on to argue Plaintiff's due process rights have been violated (Plaintiff's Complaint, pages 5-7); the Power of Sale is nothing more than a cognovit note (Plaintiff's Complaint, paragraphs 8 through 15); and the trust deed is a contract of adhesion and is unconscionable (Plaintiff's Complaint, pages 15-26).

. . .

1  Plaintiff then argues, without understandable direction, inapplicable rules of civil procedure (Plaintiff's Complaint, pages 26-35), sprinkling therein certain case authority and quotes of certain legal principles which do not assist the reader in understanding any plausible facts of why the Court should grant any declaratory or injunctive relief.  What is of significant importance is the fact that Plaintiff's Complaint omits to allege is any claim that Trustee Corps violated her rights under Arizona's trust deed statutes or under the trust deed securing payment of her obligations.

## II.  MOTION TO DISMISS STANDARD.

To withstand a Defendant's Motion to Dismiss, the factual allegations in the Plaintiff's Complaint "must be enough to raise the right to relief above the speculative level," and mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *See, e.g.*, **Bell Atlantic v. Twomby,** *550 U.S. 544 (2007) (emphasis added); see also,* **Dube v. Likins***, 216 Ariz. 406, 167 P.3d 93 (App. 2007).*  Likewise, a wholly conclusory statement of a claim cannot survive simply because the pleadings leave open the possibility that the Plaintiff might later establish some set of undisclosed facts to support a recovery.

Trustee Corps is entitled to test the legal sufficiency of the Plaintiff's claims now at the pleading stage, and should not be made to wade through pointless, costly, and time-consuming discovery first.  Strictly enforcing *Rule 8(a)* is particularly important here because Plaintiff's objective in the filing of this lawsuit is to wrongfully lump together multiple Defendants to a set of speculative conclusions that allegedly occurred long before Trustee Corps became involved as a foreclosure trustee.

## III.  ARGUMENT.

A.  <u>Plaintiff's Complaint Fails to Allege Trustee Corps Violated Any Provision of Arizona's Trust Deed Statutes or Deed of Trust</u>.

Plaintiff's 33-page Complaint omits to allege Trustee Corps violated or is liable to Plaintiff for a violation of the Arizona trust deed statutes, *Chapter 6.1, Title 33, A.R.S. §33-801, et seq.,* or has violated any provision of the trust deed concerning Plaintiff's residential home.  Because of this omission, *A.R.S. §33-807(E)* requires Trustee Corps be dismissed from this lawsuit.  *A.R.S. §33-807(E)* provides:

. . .

      "E.  The trustee need only be joined as a party in legal actions pertaining to a breach of the trustee's obligation under this chapter or under the deed of trust.  Any order of the court entered against the beneficiary is binding upon the trustee with respect to any actions that the trustee is authorized to take by the trust deed or by this chapter.  If the trustee is joined as a party in any other action, the trustee s entitled to be immediately dismissed and to recover costs and reasonable attorney fees from the person joining the trustee."

The provisions of *A.R.S. §33-807(E)* were recently enforced in ***Mansour v. Cal Western Reconveyance Corp.***, *618 F.Supp.2d 1178 (April, 2009),* wherein the Court dismissed multiple claims against a foreclosure trustee.  In ***Mansour v. Cal Western, supra***, the Court specifically held that *A.R.S. §33-807(E)* compelled a foreclosure trustee be dismissed, as under said statute, the foreclosure trustee was not a proper party.

The provision of *A.R.S. §33-807(E)* is obviously intended to omit a foreclosure trustee from being joined in litigation aimed at beneficiaries or their assigns for alleged prior wrongful acts, which acts have nothing to do with the statutory duties of a foreclosure trustee.  If the prior acts of beneficiaries or other Defendants make a trustee sale unlawful, then the Plaintiff's sole remedy to preclude such a sale is to obtain an injunction pursuant to *A.R.S. §33-811(C)*.  If such an injunction is obtained, then the trustee is bound by such injunction pursuant to *A.R.S. §33-807(E)*.

Based on the clear meaning of *A.R.S. §33-807(E)*, and the holdings of ***Mansour v. Cal Western, supra***, the Court should dismiss Trustee Corps from this suit.

    B.    <u>Plaintiff's Complaint Admits Trustee Corps Had No Participation in the Wrongful Acts Alleged in Plaintiff's Complaint</u>.

As previously pointed out, both Counts of Plaintiff's Complaint rely on alleged wrongful acts of non-disclosure that occurred before Trustee Corps became a successor trustee in Plaintiff's foreclosure.  Plaintiff's Complaint admits Trustee Corps' involvement in Plaintiff's case first occurred when it was appointed successor trustee on July 2, 2009.  (Plaintiff's Complaint, paragraph 9).  As a result of being

. . .

appointed successor trustee, Trustee Corps then recorded its Notice of Trustee's Sale on July 9, 2009. (Plaintiff's Complaint, paragraph 10).

Plaintiff's factual allegation which forms the basis of her Complaint are based on alleged deceptions committed by other Defendants which culminated on May 10, 2005, when she allegedly unwittingly executed her deed of trust. (Plaintiff's Complaint, paragraph 8). Plaintiff's entire Complaint incorporates alleged wrongdoing by other Defendants before Trustee Corps' involvement in this case, and nothing within each of said Counts alleges any additional facts against Trustee Corps which could understandably be considered actionable, wrongful, or plausible on its face, as is required by **Bell Atlantic v. Twomby, supra**.

C.   Plaintiff's Complaint Fails to Meet the Requirements of *Rule 8(a)(2), Federal Rules of Civil Procedure*.

*Rule 8(a)(2)* requires a "short and plain statement of the claim showing that the pleader is entitled to relief" so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." **Bell Atlantic v. Twomby, supra**, *at 555*.

The pleading standard of *Rule 8* requires more than an "unadorned, the defendant-unlawfully-harmed-me accusation". **Asherof v. Igbal**, *129 S.Ct. 1937, 1949 (2009) (citing* **Twomby***, 550 U.S. 555)*.

Plaintiff's Complaint as against Trustee Corps fails to meet the requirements of *Rule 8*, as said Complaint merely seeks to hold Trustee Corps for alleged wrongful acts committed by others long before Trustee Corps became a foreclosure trustee. Nothing but conjecture and unsupported conclusions tie Trustee Corps to any alleged acts of deception that Plaintiff claims were practiced on her by May 10, 2005. In a nutshell, Plaintiff's Complaint joins Trustee Corps as a Defendant based on pure speculation and conjecture.

For each and all of the foregoing reasons, Trustee Corps requests it be dismissed as a Defendant from Plaintiff's Complaint.

**RESPECTFULLY SUBMITTED** this 1st day of December, 2009.

>WILLIAM F. HYDER, P.C.
>By   /s/ William F. Hyder
>    William F. Hyder
>    Attorney for Defendant MTC Financial, Inc.
>    dba Trustee Corps

5

**CERTIFICATE OF SERVICE**

I hereby certify that on the 1st day of December, 2009, I electronically transmitted the foregoing document and any attachments to the U.S. District Court Clerk's Office using the CM/ECF System for filing, and I mailed via U.S. Mail a copy of the foregoing document and any attachments to the following Plaintiffs (*pro per*) who are not CM/ECF registrants on the 1st day of December, 2009, at the following addresses:

| | |
|---|---|
| Rachael A. Earl | Rachael A. Earl |
| 881 North Sunnyvale Avenue | 1311 South Claiborne Avenue |
| Gilbert, Arizona 85234 | Gilbert, Arizona 85296-7808 |
| Plaintiff *pro per* | Plaintiff *pro per* |

I hereby certify that on December 2, 2009, I served the attached document by hand delivery on the following:

Honorable Mary H. Murguia
United States District Court
401 West Washington Street
Phoenix, Arizona 85003

 /s/ William F. Hyder, SBN 002194