1    KEVIN HAHN #024277                **E-FILED 12/18/09**
      MALCOLM ♦ CISNEROS

2    2112 Business Center Drive
      2nd Floor

3    Irvine, California 92612
      Telephone:   (949) 252-9400

4    Telecopier:   (949) 252-1032
      kevin@mclaw.org

5

      Counsel for Defendant,

6    WACHOVIA MORTGAGE, FSB

7

8                    **UNITED STATES DISTRICT COURT**

9              **DISTRICT OF ARIZONA – PHOENIX DIVISION**

10

11    RACHAEL A. EARL, an individual,      Case No.  CV-09-2198-PHX-MHM

12               Plaintiff,         **NOTICE OF MOTION AND MOTION TO**
                                       **DISMISS COMPLAINT AGAINST**

13                                  **WACHOVIA MORTGAGE FOR FAILURE TO**
        vs.                      **STATE A CLAIM UPON WHICH RELIEF**

14                                  **MAY BE GRANTED OR, IN THE**
                                 **ALTERNATIVE, FOR SUMMARY**

15                                  **JUDGMENT; AND MEMORANDUM OF**
      WACHOVIA MORTGAGE, FSB,       **POINTS AND AUTHORITIES IN SUPPORT**

16    f/k/a WORLD SAVINGS BANK;       **THEREOF**
      MTC FINANCIAL INC., d/b/a/

17    TRUSTEE CORPS; GOLDEN WEST     **[Fed. R. Civ. P. Rule 12(b)(6) & 56]**
      SAVINGS ASSOCIATION; JOHN

18    DOE AND JANE DOE, one up,

19             Defendants.

20

21    **TO THE HONORABLE MARY H. MURGUIA, UNITED STATES DISTRICT COURT**
      **JUDGE, AND PLAINTIFF:**

22          PLEASE TAKE NOTICE that WACHOVIA MORTGAGE, FSB, a successor in interest

23    to World Savings Bank ("WACHOVIA"), hereby moves the Court to dismiss Plaintiff's

24    Complaint pursuant to the *Federal Rules of Civil Procedure* for failing to state a claim upon

25    which relief may be granted or, in the alternative, for summary judgment. This Motion is made

26    and based upon Rules 12(b)(6) and 56 of the Federal Rules of Civil Procedure. This Motion will

27    be based upon this Notice, the attached Memorandum of Points and Authorities, and upon all

28    pleadings, papers and documents on file herein, together with those matters of which judicial

notice has been requested, and any oral argument which may be presented at the time of the hearing.

Dated: December 17, 2009

MALCOLM ♦ CISNEROS

By:  /s/ Kevin Hahn
     Kevin Hahn, attorneys for
     WACHOVIA MORTGAGE, FSB

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.   INTRODUCTION.**

Plaintiff's Complaint is the antithesis of the "short and plain statement of a claim" intended by the Arizona and Federal Rules of Civil Procedure. Ariz. R. Civ. P. Rule 8(a)(2); Fed. R. Civ. P. Rule 8(a)(2). In 38 pages and over 136 paragraphs, Plaintiff painfully drags the reader through a whirlwind of worthless and nonsensical legalize – citing case law and statutory authorities completely irrelevant to the relief sought. The Court should strike the irrelevant portions, which make-up almost the entire Complaint. Despite the voluminous pleading, Plaintiff attempts to allege only two causes of action: Declaratory Relief and Injunctive Relief – neither of which are causes of action but rather remedies. Had the Complaint attempted to state a valid cause of action it would fail as the entire document is devoid of any facts. The Complaint should be dismissed with prejudice for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

**II.   STATEMENT OF FACTS.**

On May 11, 2005, Plaintiff executed a promissory note ("Note") promising to pay World Savings Bank, FSB, a predecessor in interest to WACHOVIA, $185,000. The Note was secured by a Deed of Trust ("Deed") encumbering the real property located at 881 North Sunnyvale Avenue, Gilbert, Arizona 85234 ("Property"). A true and correct copy of the Deed is attached as Exhibit ("Exh.") 1, to the Request For Judicial Notice ("RJN") filed concurrently herewith.

Near the middle of 2009 Plaintiff defaulted on her obligations under the Note and Deed. As a result, Notices of Trustee's Sale were recorded on July 9, 2009 and October 14, 2009. RJN, Exhs. 2 & 3. Plaintiff has failed to cure the default under the Note and Deed and a Trustee's Sale is scheduled for January 14, 2010 at 12:00 p.m.

/ / /

/ / /

/ / /

III.   **DISCUSSION.**

A.     **Dismissal Is Appropriate Under Rule 12(b)(6).**

The U.S. Supreme Court has recently enunciated the applicable standard of review for all complaints. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Although review is limited to the contents of the complaint, *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994), exhibits attached to the complaint, as well as matters of public record may be considered in determining whether dismissal was proper without converting the motion to one for summary judgment. *Carpenter v. FDIC (In re Carpenter)*, 205 B.R. 600, 604 (BAP 9th Cir. 1997).

All of Plaintiff's causes of action contain conclusory allegations lacking sufficient factual allegations necessary to support them—making them implausible on their face. Consequently, the Complaint should be dismissed.

B.     **Alternatively Summary Judgment Is Appropriate.**

Rule 12(b) of the Federal Rules of Civil Procedure provides:

If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

/ / /

A motion for summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure. Rule 56 allows a party to move, with or without supporting affidavits, for a summary judgment in the party's favor. "The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

"Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action." **Error! Bookmark not defined.***Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265, 276 (1986) (internal citations omitted). The device "allows courts and litigants to avoid full-blown trials in unwinnable cases, thus conserving the parties' time and money and permitting courts to husband scarce judicial resources." **Error! Bookmark not defined.***McCarthy v. Northwest Airlines, Inc.*, 56 F.3d 313, 315 (1st Cir. 1995).

The case against WACHOVIA is unwinnable since all of Plaintiff's causes of action fail to set forth valid legal claims. Lack of a valid legal claim makes trial unnecessary even if the alleged facts are true. *See Gonzalez v. Torres*, 915 F.Supp. 511, 515 (D.P.R. 1996)).

**C.    Plaintiff's Constitutional and Cognovit Note Claims Fail to State a Claim For Relief and Should Be Dismissed Or Summary Judgment Granted For Defendant.**

Plaintiff cites random and irrelevant clauses from the U.S. and Arizona Constitutions throughout pages 2 through 9 of the Complaint, as well as U.S. Supreme Court case law concerning due process rights and cognovit notes. However, Plaintiff fails to articulate a viable cause of action, nor does she provide any factual matter in support of her vague assertions.

Plaintiff is fundamentally mistaken; the initiation of non-judicial foreclosure of the Property does not affect her constitutional due process rights nor is the Note cognovit in nature.

1   The foreclosure action in this case was pursuant to, and in strict compliance with, the statutory

2   scheme for regulation of non-judicial foreclosure sales pursuant to a power of sale provision

3   contained in a deed of trust.  Ariz. Rev. Stat. §§ 33-801 through 33-821.  Neither the Note nor

4   the Deed contain a cognovit clause asking the borrower to waive notice requirements or

5   authorizing adverse judgment as result of a default under the Note.  Pursuant to the power of

6   sale provision in the Deed, WACHOVIA does not seek judgment, but only title to their

7   collateral as a result of Plaintiff's failure to make her contractually-obligated payments.

8   Plaintiff fails to state a claim that is plausible on its face, and as a result, the Complaint should

9   be dismissed with prejudice or summary judgment granted.

10

11   **D.       Plaintiff's Claim For Violation of TILA Fails to State a Claim For Relief and Should Be Dismissed Or Summary Judgment Granted For Defendant.**

12

13          Plaintiff claims defendant had violated "truth in lending" regulations.  Complaint, page

14   17, ¶ 66.  The Truth in Lending Act ("TILA") "provides borrowers only two remedies for

15   disclosure violations: (1) rescission, *see* 15 U.S.C. § 1635, and (2) damages.  *See* 15 U.S.C. §

16   1640." *Eubanks v. Liberty Mortgage Banking Ltd.*, 976 F.Supp. 171, 174 (E.D.N.Y. 1997).

17          Plaintiff's damage claims under TILA are barred by the one-year statute of limitations

18   contained in 15 U.S.C. section 1640(e).  TILA requires that debtors bring their claims for

19   damages "within one year from the date of the occurrence of the violation . . . ."  15 U.S.C. §

20   1640(e).  The Ninth Circuit has clarified that this period runs "from the date of consummation"

21   of the transaction, which generally is defined as the date on which the money is loaned to the

22   debtor.  *King v. State of California*, 784 F.2d 910, 913 (9th Cir. 1986), *cert. denied*, 484 U.S.

23   802, 108 S. Ct. 47, 98 L. Ed. 2d 11 (1987).  Here, the money was loaned on the date of the

24   closing, on or about May 11, 2005.  The initial Complaint was filed over one year thereafter and

25   well beyond the statutory time limit.  The Ninth Circuit has rejected the application of a

26   continuing violation theory to the TILA statute of limitations contained in 15 U.S.C. section

27   1640(e) but does recognize that the doctrine of equitable tolling may, in appropriate

28   circumstances, suspend the limitations period until the borrower discovers, or had reasonable

opportunity to discover, the fraud or nondisclosures that form the basis of the TILA action. *King*, 784 F.2d at 915.  However, equitable tolling first requires the plaintiff to show that the creditor fraudulently concealed its violations. *Hubbard v. Fidelity Federal Bank*, 824 F. Supp. 909 (C.D. Cal. 1993), *aff'd* in part and *rev'd* in part, 91 F.3d 75 (9th Cir. 1996).  "To toll the statute of limitations, plaintiffs must plead fraudulent concealment with particularity." *Rowland v. Novus Fin. Corp.*, 949 F. Supp. 1447, 1454 (D. Haw. 1996).

Here, Plaintiff has failed to plead fraudulent concealment at all, let alone with particularity.   Plaintiff does not allege that WACHOVIA *actively concealed* anything. Moreover, the allegations lack any specificity such that they amount to merely formulaic, general, and conclusory statements regarding fact or law and thus, fail to provide "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp.*, 550 U.S. at 570.

Even if the Court should determine that the statute of limitations has not run, Plaintiff fails to allege exactly how WACHOVIA violated TILA.  The allegations contained within the cause of action fail to allege any facts supporting TILA violations by WACHOVIA but instead are merely ambiguous, general and conclusory statements of law and/or fact.  Plaintiff's claims under TILA are woefully short of setting forth facts sufficient to "state a claim for relief that is plausible on its face." *Bell Atl. Corp.*, 550 U.S. at 544.

Finally, even if TILA was violated, which WACHOVIA denies, and the statutory time limits have not expired, WACHOVIA would be entitled to summary judgment because of Plaintiff's failure to tender the loan proceeds.  The Ninth Circuit Court of Appeals has held that rescission should be conditioned upon repayment of the loan proceeds and that a court errs when it fails to condition rescission upon repayment, at least where the TILA violations are not egregious. *LaGrone v. Johnson*, 534 F.2d 1360, 1362 (9th Cir. 1976).

In *Yamamoto v. Bank of New York*, the Ninth Circuit affirmed the lower court's grant of summary judgment, dismissing the borrowers' rescission claim, where the borrower could not provide evidence that he could tender the loan proceeds before trial. 329 F.3d 1167, 1168, 1173 (9th Cir. 2003).  The Ninth Circuit rejected the debtors' argument that the district court had

erred in rejecting their rescission claim without even determining whether TILA was violated. *Id.* at 1169. In the present case, there is no evidence that Plaintiff can afford to repay the loan proceeds and has not offered to do so. As such, the Court need not resolve Plaintiff's rescission claim.

**E.    Plaintiff's Claim For Violation of Fiduciary Relationship Fails to State a Claim For Relief and Should Be Dismissed Or Summary Judgment Granted For Defendant.**

In paragraph 94 on page 26, Plaintiff alleges that Defendant "violated their fiduciary relationship." However, it is well settled in Arizona "that the relationship between a Bank and an ordinary depositor, absent any special agreement, is that of debtor and creditor." *Valley Nat. Bank of Phoenix v. Electrical Dist. No. 4*, 90 Ariz. 306, 316, 367 P.2d 655, 662 (1961); *Travelers Indem. Co. v. State*, 140 Ariz. 194, 196, 680 P.2d 1255, 1257 (App. 1984). California and Nevada courts agree. As a California Court of Appeal stated in an analogous context:

> To the extent this cryptic allegation may be construed as pleading a breach of fiduciary duty, it fails as a matter of law. The relationship between a lending institution and its borrower-client is not fiduciary in nature. (*Price v. Wells Fargo Bank*, 213 Cal.App.3d 465, 476-478 (1989).) A commercial lender is entitled to pursue its own economic interests in a loan transaction. (*Kruse v. Bank of America*, 202 Cal.App.3d 38, 67 (1988).) This right is inconsistent with the obligations of a fiduciary which require that the fiduciary knowingly agree to subordinate its interests to act on behalf of and for the benefit of another. (*Committee on Children's Television, Inc. v. General Foods Corp.*, 35 Cal.3d 197, 221 (1983).) *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231 Cal.App.3d 1089, 1093 n.1 (1991); *See also Okura & Co. v. Careau Group*, 783 F. Supp. 482, 494 (C.D. Cal. 1991) ("Generally, the lender-borrower relationship is not a fiduciary relationship"); *Yerington Ford, Inc. v. Gen. Motors Acceptance Corp.*, 359 F.Supp.2d 1075, 1090 (D.Nev. 2004). (declaring that the "Nevada Supreme Court would hold that an arms-length lender-borrower relationship is not fiduciary in nature, absent exceptional circumstances"), *aff'd in relevant part and rev'd in part on other grounds*, *Giles v. GMAC*, 494 F.3d 865 (9th Cir. 2007); *Cascade Invs., Inc. v. Bank of Am., N.A.*, 2000 WL 1842945, at *3, 2000 U.S. Dist. LEXIS 21474 (D. Nev. 2000) ("the law does not recognize a fiduciary relationship between a lender and a borrower").

///

///

/ / /

Since Plaintiff has failed to plead any facts that suggest exceptional circumstances, they have failed to state a claim for relief for breach of fiduciary duty and thus, it should be dismissed or summary judgment granted in favor of Defendants.

**E.      Plaintiff's Claim For Violation of Fiduciary Relationship Fails to State a Claim For Relief and Should Be Dismissed Or Summary Judgment Granted For Defendant.**

Additionally, in paragraph 94 on page 26, Plaintiff alleges that Defendant "violated . . . the Fair Debt Collection Practices Act [("FDCPA")]."  It is also well settled that the FDCPA does not apply to the activity of foreclosing on property pursuant to a deed of trust.  *See Izenberg v. ETS Servs.*, LLC, 589 F. Supp. 2d 1193, 1199 (C.D. Cal. 2008) (holding that foreclosure does not constitute debt collection under the FDCPA).  *See also Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir.1985) (finding that neither mortgage servicing company nor pre-default assignee on promissory note were debt collectors); *Mansour v. Cal-Western Reconveyance Corp.*, 618 F.Supp.2d 1178, 1182 (D. Ariz. 2009) (precluding FDCPA claim concerning foreclosure of property after borrower defaulted on note holding that Mortgagee's nominee beneficiary, loan servicer, and foreclosure trustee were not "debt collectors" and non-judicial foreclosure proceeding was not attempt to collect "debt" within meaning of FDCPA); *Hulse v. Ocwen Fed. Bank*, 195 F.Supp.2d 1188, 1204 (D. Ore. 2002) ("the activity of foreclosing on [a] property pursuant to a deed of trust is not collection of a debt within the meaning of the FDCPA").

Defendant's exercise of their contractual right to pursue foreclosure after Plaintiff's default and failure to cure did not constitute debt collection under the FDCPA.  As such, Plaintiff has no valid cause of action and the Complaint should either be dismissed or summary judgment granted.

**III. CONCLUSION.**

The Complaint fails to allege any specifics as to time and place of improper acts, the contents of allegedly false representations, or the identity of a single individual who conducted

improper activities or made fraudulent representations chargeable to WACHOVIA. Instead, the Complaint contains allegations that are incomprehensible, unintelligible, utterly confusing, factually ambiguous, and allegations replete with conclusory statements such that the Complaint fails to give WACHOVIA fair notice of the claims against it, are likely incurable via further amendment, and based on all the foregoing would be unwinnable against WACHOVIA. Therefore, the Court should dismiss Plaintiff's Complaint in its entirety or grant summary judgment for Defendant on all causes of action contained therein.

Dated: December 17, 2009

MALCOLM ♦ CISNEROS

By:   */s/ Kevin Hahn*
          Kevin Hahn, attorneys for
          WACHOVIA MORTGAGE, FSB

1

## PROOF OF SERVICE

2

3      I am employed in the County of Orange, State of California.  I am over the age

4  of eighteen and not a party to the within action.  My business address is 2112 Business

5  Center Drive, Second Floor, Irvine, California 92612.

6      On December 18, 2009 I served the following document described as:

7  **NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT AGAINST
WACHOVIA MORTGAGE FOR FAILURE TO STATE A CLAIM UPON WHICH**

8  **RELIEF MAY BE GRANTED OR, IN THE ALTERNATIVE, FOR SUMMARY
JUDGMENT; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

9  **THEREOF**

10      On the following interested parties in this action:

11  **SEE ATTACHED SERVICE LIST**

12  [x ]         <u>VIA MAIL -- CCP §§ 1013(a); 2015.5</u>: By placing a true copy thereof enclosed in
a sealed envelope(s) addressed as above, and placing each for collection and mailing

13            on the date following ordinary business practices.  I am readily familiar with my firm's
business practice and collection and processing of mail with the United States Postal

14            Service and correspondence placed for collection and mailing would be deposited with
the United States Postal Service at Irvine, California, with postage thereon fully prepaid

15            that same day in the ordinary course of business.

16  [  ]         <u>VIA FACSIMILE</u>: By faxing a true copy thereof to the Facsimile Number indicated
above, and obtaining a confirmation receipt that the transmission of the document was

17            successful.

18  [ ]          <u>VIA OVERNIGHT DELIVERY</u>: By placing a true copy thereof enclosed in a sealed
next business day envelope, and placing each for collection and mailing on said date

19            following ordinary business practices.

20  [ ]          <u>VIA PERSONAL DELIVERY</u>: By placing a true copy thereof enclosed in a sealed
next envelope, and causing such envelope to be personally delivered to the address

21            listed on the attached service list.  A separate proof of service by the party who delivered
the envelope is available upon request.

22

    I declare under penalty of perjury, under the laws of the State of California that

23  the foregoing is true and correct.  Executed December 18, 2009 at Irvine, California.

24

25                                                          _____

26                                                          LISA BECKHAM

27

28

MDF:/MC51943 Earl POS.wpd

1

**Earl v. Wachovia, etc., et al**
**CASE NO: CV-09-2198-PHX-MHM**

2

**SERVICE LIST**

3

4   PLAINTIFF IN PRO PER

5   Rachael A. Earl
    881 North Sunnyvale Avenue
6   Gilbert, AZ 85234

7
    (480) 654-1120
8

9
    Attorney for MTC Financial, Inc.
10  William F. Hyder, Esq.
    7301 North 16th Street, Suite 103
11  Phoenix, AZ 85020

12
    (602) 997-4711
13  Fx (602) 997-4861

14
    Email: williamhyder@msn.com
15

16

17

18

19

20

21

22

23

24

25

26

27

28

MDF:/MC51943 Earl POS.wpd