Rachael A. Earl
1311 S. Claiborne Avenue
Gilbert AZ 85296

Plaintiff in pro per,
Rachael A. Earl



FILED ___ LODGED
___ RECEIVED ___ COPY

APR 0 1 2010

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA, PHOENIX DIVISION

| | |
|---|---|
| RACHAEL A. EARL, an individual,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>WACHOVIA MORTGAGE, FSB, f/k/a WORLD SAVINGS BANK, MTC FINANCIAL INC. d/b/a/ TRUSTEE CORPS; GOLDEN WEST SAVINGS ASSOCIATION; JOHN DOE AND JANE DOE, one up,<br><br>　　　　Defendants | Case No.: CV08-5060 PA (CWx)<br><br>CV 09-2198-PHX-MHM<br><br>OPPOSITION TO DEFENDANTS' RESPECTIVE MOTIONS TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED OR, IN THE ALTENATIVE FOR SUMMARY JUDGMENT and MOTION TO STRIKE OR ALTERNATIVELY FOR LEAVE TO AMEND THE COMPLAINT<br><br>Hearing Date:<br>Time:<br>Courtroom: |

　　　　Plaintiff Rachael A. Earl ("Earl") submits the following opposition to defendants respective motions to dismiss plaintiff's complaint and alternatively requests leave to amend the complaint with more particularity and factual clarity.

### 1.

### SUMMARY OF OPPOSITION

　　　　Plaintiff's action arises from defendants' wrongful foreclosure on plaintiff's real property. From the outset Defendants acquired no proven right or authority to carry out their secret agenda that was hidden in the deed of trust, but set forth an orchestrated

1

plan to foreclose on plaintiff's home.  Defendants did not establish standing or entitlement to foreclose the mortgage but foreclosed on its alleged power of sale.

2.

## DEFENDANTS FUNDAMENTALLY MISCONSTRUE THE COMPLAINT.

Moving Defendants fundamentally misconstrue the complaint brought against them.  They have confounded their obligations and roles as holders of interests with respect to any actions that they took in the trust deed related to Plaintiff's residential property.  There have been no supporting affidavits or deposition testimony to establish who owns or purchased the note and mortgage deed of trust.  Thus at this point Wachovia Mortgage, FSB, a successor in interest to World Savings Bank ("Wachovia") is not entitled to summary judgment in its favor.   MTC Financial, Inc. dba Trustee Corps became involved as foreclosure trustee and seeks to be omitted as a party although it was not served

Plaintiff was not even aware of the existence of any cognovit note, let alone intentionally, deliberately, knowingly and intelligently waiving her due process rights. Given the factual conflict between the allegations of the complaint and the contents of the exhibits to the complaint and other filings, the defendants have failed to meet the burden to establish that Plaintiff could not raise an issue of material fact.

Defendants intentionally or negligently caused damages to plaintiff due to defendants' fraudulent acts and violations of Federal and State statutes regarding the mortgage industry, wrongful foreclosure, and lending and banking industry practices. The fraud of the principals is an ongoing investigation and even more particulars are

EARL'S OPPOSITION TO DEFENDANTS' RESPECTIVE MOTIONS TO DISMISS

anticipated to be revealed in discovery.   Further agents and servicers of the principals involve liability to the principal parties to the underlying alleged loan.

Plaintiff bases this opposition on statutory violations and lending industry practices which excuse their flagrant industry violations and omissions to continue consumer deception. This misconduct intentionally misrepresenting constitutes their fraud on the consumer and includes fraud on the court as well.

**Issues Raised by Plaintiff**. EARL seeks to resolve the matter of title to the property and accounting of an alleged unpaid promissory note.  EARL claims all the rights and protections under federal and state laws prohibiting wrongful predatory acts and statutory violations.  As a consequence of defendants' continuing wrongful conduct, EARL asserted causes of action against defendants stemming from their fraud and fraud related causes of action.  EARL further seeks to enjoin and restrain the Defendant from further deceptive acts and practices which are likely to deceive the public if allowed to continue.

Plaintiff's pleadings give notice of defendants' wrongful disclosure based on their representations to plaintiff.  Should the Court find that the complaint as pled lacks sufficient particularity, plaintiff requests leave of the court to amend the complaint with more specificity to correct known errors and set forth in more complete detail their legitimate claims.

EARL is now informed that certain defendants actions will be revealed in discovery and seeks to amend the complaint with more specificity without prejudice to amend the complaint as more details may be discovered in discovery.

**Factual Background.** The borrower became aware of the incredible wrongful act and activities of defendants as she attempted to work out a troubled loan. However, defendants proceeded without notice against borrowers rights with deceptive conduct, collusion and refusal to respond to inquiries from EARL overriding her protesting inquiries. EARL looked for validation of debt and did not receive an audited accounting of the charges, fees, payments and tender on the alleged loan. As a result, nothing was produced to actually validate the alleged debt. EARL continues to examine the public records and seek discovery to build her trial case.

3.

## COMPLAINT DOES STATE CAUSES OF ACTION AGAINST DEFENDANTS

The clear and certain underlying facts apply to each cause of action set forth in the Complaint. The complaint properly asserts each cause of action against defendants based on the confession of judgment in the trust deed and the subject property interests to date. Defendants set up a wrongful foreclosure of the real property and with intentional, extreme and outrageous conduct. Defendants have by non-response admitted to the facts alleged by plaintiff.

To date Defendants have not provided a ledger accounting for plaintiff's payments and tender nor did they provide verification of the alleged debt. Notice to Agent is Notice to Principal; Notice to Principal is Notice to Agent.

At no time did defendants prove that they proceeded with a lawful foreclosure action. Accordingly, the court must deny defendants' motion to dismiss the complaint.

4.

## THE COURT MUST DETERMINE OR CONFIRM WRONGFUL FORECLOSURE WHERE DEFENDANT ACTIVITIES VIOLATE

FEDERAL AND STATE STATUTES AND CODES.

In determining whether a wrongful disclosure is unfair or deceptive acts or unlawful practices and violate Federal and state statutes and codes, the court is required to take into account representations made or suggested as well as the extent to which the defendant fails to reveal facts material in light of such representations or material with respect to consequences which may result from the conditions as are customary or usual. Where such an act(s) violates Federal and state statutes and codes, the court of law and the court of statutory procedures <u>has no enforcement.</u>

This foreclosure is illegal. Plaintiff's case involves the nondisclosure and illegal acts of the defendant lenders. Plaintiff believes that they are attempting to put Plaintiff in a precarious position by selling the property out from under them thus adding more confusion to complicate this matter. Defendant did an illegal foreclosure action without an order or review by any court to determine contract rights, ownership and any right to seek a foreclosure. The court must adjudicate issues of nondisclosure,

5.

## TILA VIOLATIONS DO EXTEND BEYOND A YEAR

**TILA's three year extended statute of limitations, foreclosure which was executed without true ownership proof provided with production of the original wet ink signature note and no change by securitization of the note.** The chain of ownership for purposes of executing a foreclosure did not exist. The foreclosure was illegal, the creditor had no standing to foreclose and did not show proof of ownership required by law. Plaintiff's objection and lawsuit is primarily based on the lack of

5

disclosure of verification of the alleged debt wherein the required proof of ownership necessary to proceed with a foreclosure includes the original wet ink signature on the promissory note, the ledger accounting, and UCC 1 filing of the holder in due court to prove ownership of the right to bring a foreclosure action.

The court must adjudicate the facts of ownership by proof with the production of the original wet ink signature note and supporting ownership documents and by necessity reversal of the illegal acts complained of by plaintiff.

Ownership status required at the time of the foreclosure did not exist as there was no holder in due course. Plaintiff believes the note was securitized and that act severed the chain of ownership. Before proceeding with a foreclosure Defendant must produce the original wet signature promissory note to the court, ledger accounting, and proof of the holder in due course. The court must determine if the rights of the respective parties. Further a proper accounting must be made as the nature of the transaction is contrary to GAAP (Generally Accepted Accounting Principles) to determine the correct loan charges.

If Defendants are not the holder in due course ("HIDC"), the court is being told that they have a right to foreclosure when they do not. The only one with foreclosure rights is the HIDC. To be the HIDC you must have the original wet ink signature note. All others are Holder for Value ("HFV") and have very limited rights.

The court must not determine or confirm a foreclosure sale if:

    (1) title is misrepresented and/or there is no commercial sale;

    (2) the original, unaltered note is not produced;

    (3) there is a holder in due course, not simply a holder for value; and/or

    (4) there is illegal securitization; and

EARL'S OPPOSITION TO DEFENDANTS' RESPECTIVE MOTIONS TO DISMISS

(5) the contract terms were unconscionable and/or statutory violations are determined by wrongful foreclosure sale which was conducted fraudulently, or justice otherwise was not done.

Plaintiff has identified the known date of the incident and the activities prior to the incident. Specific facts are anticipated to be disclosed in discovery. Because the defendants directly or indirectly caused or had employees and/or agents who were present during the incident, the court may reasonably find that they participated in the incident. See, Rutherford v. Berkeley, 780 F.2d 1444, 14448 (9th Cir. 1986).

Accordingly, the court must deny the motions to dismiss the complaint.

5.

## THE COURT MUST REQUIRE DEFENDANT CREDITORS FORECLOSING ON BORROWERS TO SHOW PROOF OF OWNERSHIP.

Because most foreclosures proceed without challenges from borrowers few judges have forced defendant creditors foreclosing on borrowers to show proof ownership. The big issue is who really owns the mortgage note as the creditor, and is allegedly what they illegally securitized. A collateral question is: has that mortgage note really been transferred and assigned to the securitization trust?

In the past year, California judges have dismissed lenders in foreclosure cases due to the inability of the trustee and the servicer to prove ownership of the mortgages. If the homeowner <u>does not object</u>, the judge rubber-stamps the mortgage foreclosure that is being pushed through the system.

No Defendant has no proven right or legal authority to foreclose on plaintiff's real property. A copy of the note does not suffice. Defendant's intentional misrepresentation of their fraud on the consumer and their false representations to the court constitutes a fraud on the court.

### 1. FORECLOSURE REQUIRES THE ORIGINAL NOTE.

Defendant's long standing practice of non judicial foreclosure does not equate with legal compliance. Plaintiff provides the court a concrete indication of the manner in which the defendant enforces its deception mandate. In doing so plaintiff raises concerns that about the meaning of deception where defendant alleges it owns the promissory note and the original contract. This court is compelled to stop defendants at the gate.

### 2. NO EVIDENCE OF HOLDER IN DUE COURSE IN POSSESSION OF NOTE:

There is no competent evidence before the court that (1) any party is the holder of the alleged note or the true holder in due course and (2) an audit accounting to prove that a certain balance is due and owing on any alleged note. Of course, no tender can be submitted without an audited correct accounting.

Unequivocally Federal and state courts rule is that in order to prove the "instrument" possession is mandatory.

### 3. NO EVIDENCE OF AUDIT ACCOUNTING PROVING CLAIM OF DAMAGES.

In addition another necessary element of proof is: a claim of damages, i.e. an accounting that is signed and dated by the person who is responsible for the account incorporating the general ledger and accounting. Discrepancies and overcharges and excess fees demand an audit.

### 4. NO EVIDENCE OF DOCUMENTATION OF OWNERSHIP.

Thus, more compliance documentation of ownership is required from lenders trying to foreclose. Here the lender has only supplied documents showing <u>an intent to convey the rights in the mortgages</u> rather than <u>proof of ownership</u> as of the foreclosure date. Defendant arguments of legal standing fall short. The court is compelled to stop their weak legal arguments.

Here Lender pled and/or the court must grant plaintiff leave to amend her pleading. Defendants, as a matter of law, are obligated to properly account and pay out

EARL'S OPPOSITION TO DEFENDANTS' RESPECTIVE MOTIONS TO DISMISS

statutory violations and damages to plaintiff. Accordingly, the complaint and its causes of action are properly plead.

### 6. APPLICABLE STANDARD

It is well-settled that "[a] case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

When deciding a motion to dismiss under Rule 12(b)(1) that does not challenge the factual allegations of the complaint, but challenges the sufficiency of them a district court must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party. *Jaghory v. New York State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997); *Burnette v. Carothers*, 192 F.3d 52, 56 (2d Cir. 1999). A complaint should be dismissed "'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Swierkiewicz v. Sorema N.A.*, 346 U.S. 506, 514, 122 S.Ct. 992, 152 L.Ed. 2d 1 (2002) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed. 2d 59 (1984)). The scope of materials that may be considered is even more expansive when the court is asked to resolve a question of subject matter jurisdiction. Then, a court may consider any evidence that has been submitted, including affidavits, to determine whether subject matter jurisdiction exists. *Cargill Int'l S.A. v. M/T Pavel Dybenko*, 991 F.2d 1012, 1019 (2d Cir. 1993) (citations omitted). The Second Circuit has held that a plaintiff's burden of proof in a jurisdictional challenge "varies depending on the procedural posture of the litigation." The Court explained: "Prior to discovery, a

EARL'S OPPOSITION TO DEFENDANTS' RESPECTIVE MOTIONS TO DISMISS

plaintiff challenged by a jurisdiction testing motion may defeat the motion by pleading in good faith . . . legally sufficient allegations of jurisdiction. At that preliminary stage, the plaintiff's prima facie showing may be established solely by allegations. After discovery, the plaintiff's prima facie showing, necessary to defeat a jurisdiction testing motion, must include an averment of facts that, if credited by the trier, would suffice to establish jurisdiction over the defendant . . . At that point, the prima facie showing must be factually supported." *Gomes v. Avco Corp.*, 964 F.2d 1330, 1335 (2d Cir. 1992); accord *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam) (allegations of pro se complaint held to "less stringent standards than formal pleadings drafted by lawyers."); *LaBounty v. Adler*, 933 F.2d 121, 122 (2d Cir. 1991) ("We are obliged to construe [pro se] pleadings and papers liberally."). *Sac & Fox Tribe of the Miss. in Iowa Election Bd. v. BIA*, 321 F. Supp. 2d 1055 (resolving issue of standing based solely on allegations of complaint) A pro se litigant's submissions are to be interpreted "to raise the strongest arguments they suggest." *Burgos v. Hopkins*, 14 F.3d 787,790 (2d Cir. 1994) and all "doubts are resolved in the plaintiff's favor, notwithstanding a controverting presentation by the moving party." *A.I. Trade Fin., Inc. v. Petra Bank*, 989 F.2d 76, 79-80 (2d Cir. 1993). To determine jurisdiction in federal question cases, the court need only ask "whether -- on its face -- the complaint is drawn so as to seek recovery under federal law or the Constitution. If so, [the court should] assume or find a sufficient basis for jurisdiction, and reserve further scrutiny for an inquiry on the merits." *Nowak v. Ironworkers Local 6 Pensions Fund*, 81 F.3d 1182, 1189 (2d Cir. 1996). The standard is a "modest" one, allowing for subject matter jurisdiction so long as "the federal claim is

EARL'S OPPOSITION TO DEFENDANTS' RESPECTIVE MOTIONS TO DISMISS

colorable." *Savoie v. Merchants Bank*, 84 F.3d 52, 57 (2d Cir. 1996) (citing *Bell v. Hood*, 327 U.S. 678, 682-83 (1946)).

### 7. LEAVE TO AMEND

If the Court does find that the complaint is deficient in its allegations Plaintiff respectfully requests leave to amend the complaint to cure them *Thompson v. Carter*, 284 F.3d 411, 416 (2d Cir. 2002) ("[W]hen addressing a pro se complaint, a district 'court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.'") (quoting Branum v. Clark, 927 F.2d 698, 705 (2d Cir. 1991)).

### 8.
### CONCLUSION

Based on the foregoing, Earl respectfully requests that the Court deny the motion to dismiss in its entirety, and /or alternatively, allow grant her leave to amend the complaint to plead with specificity to correct any defective pleading. Plaintiff respectfully requests that the court issue an order restraining defendants from taking any action negatively affecting plaintiff's rights to the subject property, for they cannot prove that they are the proper party of interest and the Plaintiff's council must prove that they did not securitize and must prove that they are entitled to collect. This court must enforce the Plaintiff's rights of protection by forcing the Defendants to provide and surrender the actual Promissory Note and Deed of Trust.

Dated: April 1, 2010

_____
Rachael A. Earl, Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing opposition to the motion to dismiss the complaint has been furnished to counsel for defendants:

1. Attorneys for Defendants Wachovia Mortgage, FSB:

   Kevin Hahn
   MALCOLM CISNEROS
   2112 Business Center Drive
   2nd Floor
   Irvine CA 92612
   Tel. 949.252.9400/ Fax: 949.252.1032

2. William F. Hyder
   William F. Hyder, P.c.
   7301 North 16th Street, suite 103
   Phoenix, Arizona 85020
   Tel. 602.997-4711 /Fax: 602.997-4861

by U.S. mail with sufficient postage affixed to, this 1st, day of April 2010.

_____
Declarant

EARL'S OPPOSITION TO DEFENDANTS' RESPECTIVE MOTIONS TO DISMISS