IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| RACHAEL A. EARL, | No. CV 09-2198-PHX-MHM |
| Plaintiff, | **ORDER** |
| vs. | |
| Wachovia Motgage FSB, f/k/a WORLD SAVINGS BANK; MTC FINANCIAL INC. dba TRUSTEE CORPS; GOLDEN WEST SAVINGS ASSOCIATION, JOHN DOE AND JANE DOE, | |
| Defendants. | |

Currently before the Court are Defendant Wachovia Mortgage, FSB's ("Wachovia") Motion to Dismiss Complaint for Failure to State a Claim Upon Which Relief May Be Granted or, in the Alternative, for Summary Judgment, (Dkt. #10), Defendant MTC Financial, Inc, dba Trustee Corps ("Trustee Corps") Motion to Dismiss, (Dkt. #9), and Plaintiff's Motion for Leave to Amend. (Dkt. #18). After reviewing the pleadings, and determining that oral argument is unnecessary, the Court issues the following Order.

I.  BACKGROUND

Plaintiff Rachael A. Earl filed this action in Maricopa County Superior Court asserting numerous grounds for equitable and injunctive relief related to a power-of-sale clause contained in a deed-of-trust to which she was a signatory. (Dkt. #1). Defendant Trustee Corps removed this case to federal court on October 20, 2009. On December 1,

2009, Trustee corps filed its Motion to Dismiss, (Dkt. #9), and on December 18, 2009, Defendant Wachovia filed its Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment. (Dkt. #10). Due to an issue regarding service of the aforementioned motions to dismiss, Plaintiff filed a Motion for Extension of Time to Effectuate Service on February 26, 2010, asking for an additional thirty days to answer Defendants' motions to dismiss. (Dkt. #14). The Court granted this request. (Dkt. #16). On April 1, 2010, Plaintiff filed two identical documents, both entitled Opposition to Defendants' Respective Motions to Dismiss for Failure to State a Claim Upon Which Relief can be Granted or, in the Alternative for Summary Judgment, and Motion to Strike or Alternatively for leave to Amend the Complaint. (Dkt. #17–18).

II.     LEGAL STANDARD

The Court must liberally construe pleadings submitted by a pro se claimant, affording the claimant the benefit of any doubt. Karim-Panahi v. L.A. Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988). However, the Court "may not supply essential elements of the claim that were not initially pled." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

To survive a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6), the plaintiff must allege facts sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007); see also Morley v. Walker, 175 F.3d 756, 759 (9th Cir. 1999) ("A dismissal for failure to state a claim is appropriate only where it appears, beyond doubt, that the plaintiff can prove no set of facts that would entitle it to relief."). In evaluating such a motion to dismiss, a district court need not limit itself to the allegations in the complaint; courts may take into account "facts that are [ ] alleged on the face of the complaint [and] contained in documents attached to the complaint." Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005). In addition, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the nonmoving party." Wyler Summit Partnership v. Turner Broad. Sys. Inc., 135 F.3d 658, 661 (9th Cir. 1998). However, "the court [is not] required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."

Spreewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

III. DISCUSSION

    1. <u>Trustee Corps' Motion to Dismiss</u>

Trustee Corps argues that as the foreclosure trustee, it is not a proper party to this lawsuit and must be dismissed from the case. Arizona Revised Statutes (A.R.S.) § 33-807(E) provides: "The trustee need only be joined as a party in legal actions pertaining to a breach of the trustee's obligations under this chapter or under the deed of trust." Plaintiff's complaint does not allege that Trustee Corps breached any obligation under Arizona's trust-deed statutes. <u>See</u> A.R.S. § 33-801 *et seq.*. On the contrary, Plaintiff's Complaint alleges violations that occurred in the creation of the deed-of-trust on or around May 10, 2005, long before Trust Corps involvement in this case, which began when it was appointed successor trustee on July 2, 2009. Therefore, this Court finds that Trustee Corps is not a proper party to this action and should be dismissed.

    2. <u>Wachovia's Motion to Dismiss</u>

        A. <u>Show-me-the-note Theory</u>

It is difficult to discern from Plaintiff's Complaint exactly the grounds upon which her lawsuit is predicated. After reading her response, however, it is apparent to this Court that Plaintiff alleges a so-called "show me the note" theory of liability against Defendant Wachovia (and possibly Trust Corps). In other words, Plaintiff contends there was no holder in due course that possessed the original "wet ink signature note," therefore the trustee sale was unlawful.

Under Arizona law, "[u]nlike their judicial foreclosure cousins that involve the court, deed of trust sales are conducted on a contract theory under the power of sale authority of the trustee." <u>In re Krohn</u>, 52 P.3d 774, 777 (Ariz. 2002). "[A] power of sale is conferred upon the trustee of a trust deed under which the trust property may be sold . . . after a breach or default in performance of the contract or contracts, for which the trust property is conveyed as security . . . ." A.R.S. § 33-807(A). The Arizona statutes governing the sale of foreclosed property through a trustee's sale do not specifically require that the foreclosing party

- 3 -

produce a physical copy of the original promissary note. Like most states, Arizona has adopted the U.C.C.. The U.C.C., among other things, governs the enforcement of negotiable instruments, providing that "'[p]erson[s] entitled to enforce' an instrument include the holder of the instrument, a nonholder in possession of the instrument who has the rights of a holder or a person not in possession of the instrument who is entitled to enforce the instrument pursuant to § 47-3309 [because the note is lost or destroyed]." A.R.S. § 47-3301. There is very little case law on the issue of whether the U.C.C. has any applicability in the context of non-judicial trustee sales or foreclosures in Arizona. The only courts that have addressed this issue are federal courts within the District of Arizona; neither the Arizona Court of Appeals, nor the Arizona Supreme Court have weighed in on the issue. When addressing the applicability of the UCC to foreclosure sales, courts within the District of Arizona "have routinely held that [a plaintiff's] 'show me the note' argument lacks merit." Diessner v. Mortgage Elec. Registration Sys., 618 F. Supp. 2d 1184, 1187-88 (D. Ariz. 2009) (quoting Mansour v. Cal-Western Reconveyance Corp., 618 F. Supp. 2d 1178, 1181 (D. Ariz. 2009)). As such, the any counts relating to the production of the original note are hereby dismissed with prejudice. "Dismissal is appropriate where the complaint lacks . . . a cognizable legal theory . . . ." Mansour v. Cal-Western Reconveyance Corp., 618 F. Supp. 2d 1178, 1181 (D. Ariz. 2006) (citing Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)).

    B.  Due Process Violations and Cognovit Note

Plaintiff's Complaint makes numerous references to violations of due process. Plaintiff's claims must arise, then, under 42 U.S.C. § 1983. A claim under § 1983, however, only exists when the alleged deprivation was committed "under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999). This case concerns a non-judicial foreclosure predicated on a contract signed by private parties. A private remedy such as non-judicial foreclosure does not involve state action. Apao v. Bank of N.Y., 324 F.3d 1091, 1095 (9th Cir.2003). In short, "Plaintiff[] do[es] not explain how a private contract between nongovernmental parties is a violation of the Fourteenth Amendment, which applies only to governmental entities." Phillips v. Fremont Inv. & Loan, 2009 WL 4898259, *2 (D.

Ariz. Dec. 11, 2009); See U.S. Const. Amend. XIV (stating that "[n]o state shall ... deprive any person of life, liberty, or property, without due process of law ... [or] deny to any person within its jurisdiction the equal protection of the laws"). Because Plaintiff has sued only private actors, including Defendant Wachovia, she has not alleged an government-entity action which might support a due process claim under § 1983.

Relatedly, Plaintiff's alleges that her deed-of-trust is unenforceable as a cognovit note. "The cognovit is the ancient legal device by which the debtor consents in advance to the holder's obtaining a judgment without notice or hearing, and possibly even with the appearance, on the debtor's behalf, of an attorney designated by the holder." D. H. Overmyer Co. Inc., of Oh. v. Frick Co., 405 U.S. 174, 177 (1972). This claim, the Court assumes is also a constitutional claim, as the Supreme Court has held that cognovit notes, under certain circumstances can violate due process rights. See id. at 187 (" Our holding necessarily means that a cognovit clause is not, per se, violative of Fourteenth Amendment due process."). Plaintiff appears to argue that the power-of-sale clause authorizing a non-judicial foreclosure in the deed-of-trust is cognovit because non-judicial foreclosure does not allow for a hearing in a court of law. A non-judicial foreclosure, is, by definition, not a judicial proceeding, and a power-of-sale clauses does not allow a creditor to seek judgment against a debtor, but merely allow the creditor to obtain title to the collateral as a result of default. Accordingly, no judicial proceeding was contemplated or took place at which Plaintiff was denied notice or not permitted to appear. There was, then, no state action which might support a constitutional claim. Additionally, the facts asserted do not demonstrate in any way whatsoever that the deed-of-trust was a cognovit note. In short, Plaintiff cannot proceed under a cognovit note theory and this Court must dismiss her claim with prejudice.

### D. Truth in Lending Act

Plaintiff's complaint makes brief and passing reference to the Truth in Lending Act ("TILA"). TILA, "requires a 'creditor' to disclose credit terms—for example, the annual interest rate—to a borrowing consumer." Eby v. Reb Realty, Inc., 495 F.2d 646, 647 (9th Cir. 1974) (citing 15 U.S.C. § 1638). "Congress through TILA sought to protect consumers'

1 choice through full disclosure and to guard against the divergent and at times fraudulent
2 practices stemming from uninformed use of credit." King v. California, 784 F.2d 910, 915
3 (9th Cir. 1986) (citing 15 U.S.C. § 1601(a)).

4 Defendant argues that Plaintiff's TILA claim must be dismissed because it does not
5 comply with the applicable statute of limitations. TILA requires that debtors bring their
6 claims for damages "within one year from the date of the occurrence of the violation . . . ."
7 15 U.S.C. § 1640(e); see Yamamoto v. Bank of N.Y., 329 F.3d 1167, 1169 (9th Cir. 2003)
8 (noting TILA's one year statute of limitations). The Ninth Circuit has clarified that the
9 statute of limitations runs from the "date of consummation of the transaction," which is
10 generally understood as the date on which the creditor lends the debtor the money. King, 784
11 F.2d at 913. Any loan of funds that occurred in this case appears to have taken place on or
12 around the date of the closing, May 10, 2005. Accordingly, barring the application of
13 equitable tolling, Plaintiff's claim is prohibited by TILA's statute of limitations.

14 Equitable tolling is only available in cases where the plaintiff alleges the creditor
15 fraudulently concealed the alleged TILA violation. Hubbard v. Fidelity Fed. Bank, 824 F.
16 Supp. 909, 920 (C.D. Cal.1993). This doctrine "suspends the limits period until the borrower
17 discovers or had reasonable opportunity to discover the fraud that forms the basis of the
18 TILA action." Id. at 915. In this case, Plaintiff has made a general accusation that the Deed
19 of Trust "contained, inter alia, a small and somewhat hidden and/or disguised provision,
20 knows as a Power of Sale Clause, that plaintiff now finds wanton to, individually and
21 severally invoke, in order to literally confiscate plaintiff's property without due process."
22 (Dkt. #1,p.11). This accusation, however, falls well short of alleging facts which
23 demonstrate fraud, asserting only a generalized accusation that the provision in question
24 (presumably the power-of-sale-clause) was fraudulently concealed or kept from Plaintiff
25 without detailing or explaining how Defendant's conduct constituted fraud. Accordingly,
26 dismissal of Plaintiff's TILA claim is warranted as the claim is barred by the statute of

limitations.[1]

### E. Violation of Fiduciary Relationship

Plaintiff argues that Defendant violated its fiduciary relationship to Plaintiff. The Court must dismiss with prejudice any claim predicated on this theory, as absent extraordinary circumstances, there is no fiduciary relationship between a debtor and a creditor. See Stewart v. Phoenix Nat. Bank, 49 Ariz. 34, 51, 64 P.2d 101, 108 (1937) ("The facts alleged do not show any fiduciary relation between plaintiff and defendant bank but a relation of creditor and debtor."); see also Valley Nat. Bank of Phoenix v. Electrical Dist. No. Four, 90 Ariz. 306, 316, 367 P.2d 655, 662 (1961) ("It is the law that the relationship between a Bank and an ordinary depositor, absent any special agreement, is that of debtor and creditor."). Plaintiff has not alleged facts from which this Court might ignore the weight of Arizona law and allow his case to proceed based on a theory of breach of fiduciary duty.

### F. Fair Debt Collection Practices Act

The Fair Debt Collection Practices Act (FDCPA) was enacted "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). "To effectuate this purpose, the Act prohibits a "debt collector" from making false or misleading representations and from engaging in various abusive and unfair practices. Izenberg v. ETS Servs., LLC, 589 F. Supp. 2d 1193, 1198 (C.D. Cal. 2008)."To be held liable for violation of the FDCPA, a defendant must-as a threshold requirement-fall

---

[1] In her response brief, Plaintiff argues that TILA has a three-year statute of limitations. This is an accurate statement of the law, but only as to rescission. Under 15 U.S.C. § 1640, a creditor may be liable for damages if it fails to respond to the debtor's notice of rescission as required under 15 U.S.C. § 1635. "While a debtor normally has three days to rescind the transaction after it has been consummated, the debtor has up to three years to rescind the transaction if the required notice or material disclosures are not delivered." Rowland v. Novus Fin. Corp., 949 F. Supp.1447, 1455 (D. Haw. 1996) (citing 12 C.F.R. § 226.23(a)(3) and 15 U.S.C. § 1635(f)). Recision, however, does not appear to be an issue in this case.

within the Act's definition of "debt collector." Id. (citing Heintz v. Jenkins, 514 U.S. 291, 294 (1995)). The courts of this district have held that a foreclosure trustee is not a debt collector and a non-judicial foreclosure proceeding is not an attempt to collect a debt. Mansour v. Cal-Western Reconveyance Corp., 618 F. Supp. 2d 1178, 1182 (D. Ariz. 2009); see Hulse v. Ocwen Fed. Bank, FSB, 195 F. Supp.2d 1188, 1204 (D. Or. 2002) ("the activity of foreclosing on the property pursuant to a deed of trust is not the collection of a debt within the meaning of the FDCPA."). Accordingly, Plaintiff's Complaint does not state a cause of action under the FDCPA and must be dismissed with prejudice.

G. Unconscionability

Finally, Plaintiff Complaint alleges generally that the deed-of-trust was an unconscionable adhesion contract. Unconscionability has two dimensions: procedural and substantive. "Substantive unconscionability concerns the actual terms of the contract and examines the relative fairness of the obligations assumed." Maxwell v. Fidelity Fin. Servs., Inc., 184 Ariz. 82, 89, 907 P.2d 51, 58 (Ariz.,1995). Indicative of substantive unconscionability are contract terms so one-sided as to oppress or unfairly surprise an innocent party, an overall imbalance in the obligations and rights imposed by the bargain, and significant cost-price disparity." Id. Procedural unconscionability, on the other hand, concerns the process that led to the formation of the contract, or what the Arizona Supreme Court has referred to as "bargaining naughtiness." Id.. When examining procedural unconscionability courts look to "the real and voluntary meeting of the minds of the contracting party: age, education, intelligence, business acumen and experience, relative bargaining power, who drafted the contract, whether the terms were explained to the weaker party, whether alterations in the printed terms were possible, whether there were alternative sources of supply for the goods in question." Id. (quoting Johnson v. Mobil Oil Corp.,415 F. Supp. 264, 268 (E.D. Mich.1976)).

Besides the power-of-sale clause, Plaintiff has not alleged facts directed towards a claim for substantive unconscionability. And with regards to the power-of-sale clause, Plaintiff's Complaint does not explain how a provision allowing for a non-judicial

1  foreclosure is substantively unfair. Indeed, such provisions are common and clearly
2  contemplated by Arizona law. See A.R.S. § 33-801 *et seq.*. As for procedural
3  unconscionability, Plaintiff alleges or insinuates that she did not knowingly make her home
4  subject to a power of sale clause, that Defendant somehow hid that clause from her, there was
5  no meeting of the minds, and that she was forced to sign the deed-of-trust. These allegations,
6  however, are unsubstantiated by facts and, instead, are mere conclusory statements supported
7  only by generalized citations to case law. Additionally, Plaintiff suggests that there was
8  unequal bargaining power amongst the parties, but has not marshaled facts to support this
9  proposition. The mere fact that Plaintiff entered into a contract with a financially
10 sophisticated bank is not, in and of itself, enough to find procedural unconscionability. See
11 Phillips at *2. Plaintiff needs to bring forth specific facts "to raise a right to relief above the
12 speculative level," identifying specific aspects of the contract negotiation that might render
13 the contract unconscionable. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955,
14 1965 (2007). This, she has not done.

### 3. Plaintiff's Motion to Amend

Having determined that dismissal of Plaintiff's Complaint is warranted, the Court now turns to Plaintiff's request that she be given leave to amend in the event that her Complaint is deficient. (Dkt. #18). Pursuant to Rule 15 of the Federal Rules of Civil Procedure, a party may amend its pleading once as a matter of course, either twenty-one days after serving it or within twenty-one days after service of a responsive pleading or a motion under 12(b), (e), or (f), whichever is earlier. FED.R.CIV.P. 15(a)(1). Otherwise, a party may only amend its complaint with the opposing party's permission or with leave from the court. FED.R.CIV.P. 15(a)(2). In determining whether amendment is appropriate, the Rules counsel that courts "should freely give leave when justice so requires." Id. And, "[t]his policy in favor of leave to amend must not only be heeded by the Court, see Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), it must also be applied with extreme liberality, see Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 880 (9th Cir.2001)." Salazar v. Lehman Brothers Bank, 2010 WL 1996374, *1 (D. Ariz. May 14, 2010).

In light of the policy favoring amendment and in the interests of justice, this Court will grant Plaintiff's Motion for Permission to Amend as to the claims which this Court has not stated it will dismiss with prejudice. Plaintiff may, therefore, file an amended complaint as to her allegations of unconscionability and violation of TILA.[2] In so doing, the Court reminds Plaintiff that Rule 8(a) of the Federal Rules of Civil Procedure requires that:

> A pleading which sets forth a claim for relief, whether an original claim, counter-claim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

FED.R.CIV.P. 8. As the Court has already explained, Plaintiff's Complaint fails to state a claim for relief. Additionally the complaint is somewhat disjointed and difficult to follow, relying on conclusory statements and abstract statements of law without reference to facts applicable to this case. Any amended complaint should focus on facts from which this Court can determine the harm Defendants caused to Plaintiff and why Plaintiff is entitled to seek relief for these alleged harms in this Court. The Court will only give Plaintiff this one opportunity to amend the complaint before it dismisses her lawsuit in its entirety. To avoid dismissal, Plaintiff must:

> make clear h[er] allegations in short, plain statements with each claim for relief identified in separate sections. In the amended complaint, [Plaintiff] must write out the rights [s]he believes were violated, the name of the person who violated the right, exactly what that individual did or failed to do, how the action or inaction of that person is connected to the violation of [Plaintiff's] rights, and what specific injury [Plaintiff] suffered because of the other person's conduct. See Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976). Each claim of an alleged violation must be set forth in a separate count. Any amended complaint filed by [Plaintiff] must conform to the requirements of Rules 8(a) and (e)(1) of the Federal Rules of Civil Procedure.

Kennedy v. Andrews, 2005 WL 3358205, *3 (D. Ariz. 2005).

**Accordingly,**

---

[2]The Court, in this Order, has dismissed the following claims with prejudice: due process violation, cognovit note, show-me-the-note, FDCPA, and fiduciary-duty theory.

- 10 -

**IT IS HEREBY ORDERED** granting Defendant Trustee Corps ("Trustee Corps") Motion to Dismiss without prejudice. (Dkt. #9).

**IT IS FURTHER ORDERED** granting Defendant Wachovia's Motion to Dismiss without prejudice. (Dkt. #10).

**IT IS FURTHER ORDERED** granting Plaintiff's Motion for Leave to Amend. Plaintiff shall have fifteen (15) days to filer her First Amended Complaint in accordance with Federal Rule of Civil Procedure 8 and Local Rule of Civil Procedure 15.1. (Dkt. #18).

DATED this 8th day of June, 2010.

_____
Mary H. Murguia
United States District Judge